1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>       v.<br><br>WORKLAND & WITHERSPOON, PLLC, a limited liability company; and ERIC SACHTJEN, an individual,<br><br>                              Defendants. | NO:  2:14-CV-193-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY STAY DECLARATORY ACTION |

Before the Court is Defendant Workland & Witherspoon, PLLC's Motion to Dismiss, or Alternatively, Stay Declaratory Action.  **ECF No. 7**.  Defendant Eric Sachtjen properly joined the motion.  **ECF Nos. 13, 15**.  This motion arises from a diversity action involving insurance coverage.

Defendants filed this motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), but in their motion they address abstention and stay, not dismissal.  Therefore, this Court treats Defendants' motion as a request for this

ORDER RE: DEFENDANTS' MOTION TO DISMISS OR STAY ~ 1

Court to abstain or stay the action pending completion of the companion state proceedings in order to avoid unnecessary interference with those proceedings and to avoid potential prejudice to the parties.  The Court has reviewed the motion, the memoranda filed in opposition and support, all other relevant filings, and is fully informed.

## FACTS

Plaintiff Evanston Insurance Company ("Evanston") is an Illinois insurance corporation that issued two legal malpractice insurance policies to Defendant Workland & Witherspoon, PLLC, a Washington state law firm and Professional Limited Liability Company.  ECF No. 1 at 1-3.  Defendant Eric Sachtjen (together with Defendant Workland & Witherspoon, collectively "Defendants") was an attorney-employee of Workland & Witherspoon.  ECF No. 1 at 2.

On April 2, 2014, James Darling and others filed two state tort actions against Defendants in Spokane County Superior Court concerning Defendants' alleged involvement in a fraudulent real estate purchasing scheme.  ECF No. 1 at 2-3; 1-1.  The plaintiffs in that state proceeding seek damages and other remedies from Defendants.  ECF No. 1-3.

Later in April 2014, Defendants tendered defense and indemnity of both lawsuits to Evanston under the policies valid through January 2015.  ECF No. 1 at 3.  Evanston agreed to represent Defendants in the state court action, subject to a

reservation of rights to deny coverage, including any duty to defend or indemnify Defendants.  ECF No. 1 at 3.

## PROCEDURE

In June 2014, Evanston filed a suit in this Court, seeking a declaration of non-coverage and lack of duty to defend Defendants in the state action.  ECF No. 1.  Diversity of the parties provides the basis for jurisdiction.  28 U.S.C. § 1332; ECF No. 1 at 2.

In its complaint, Evanston argues six grounds for lack of coverage:  (1) that a policy exclusion pertaining to specific incidents, claims or suits disclosed in the insurance application applies ("Specific Incidents Exclusion"); (2) that a policy exclusion regarding  multiple insureds, claims, and claimants applies; (3) that a policy exclusion concerning recovery by plaintiffs of amounts in return or restitution of fees or any multiplied or punitive damages applies; (4) that the policy does not cover bodily injury or sickness, (5) that there is no coverage for persons or entities not insured under the policy, and (6) that there is no coverage for intentional misconduct.  ECF No. 1 at 3-4.

Defendants move this Court to abstain, or in the alternative to stay, Evanston's declaratory judgment action pending the outcome of the state court proceeding.  ECF No. 7.  Defendants make two primary arguments:  (1) that adjudication of the declaratory judgment action concurrent with the state court

1    proceeding will require duplicative and potentially conflicting determinations of

2    factual allegations, and (2) that making these factual determinations prior to

3    resolution of the state court proceeding will prejudice their defense in state court.

4    ECF No. 7.  Defendants contend that all six coverage defenses pose these two

5    harms, and seek abstention or stay on all six defenses.  *See* ECF No. 7 at 2.

6        Evanston concedes that five of the six coverage defenses warrant a stay, *see*

7    ECF No. 11 at 2, 17, but does not concede that those defenses warrant abstention.

8    Moreover, Evanston opposes Defendants' motion to abstain or stay on the basis

9    that the Specific Incidents Exclusion will be dispositive of its non-coverage claim

10   without requiring a determination of factual allegations presently before the state

11   court and without prejudicing Defendants' state court defense.  ECF No. 11 at 1-2.

12       Defendants respond that consideration of the Specific Incidents Exclusion

13   will nevertheless require factual determinations also at issue in the state court

14   action and will consequently prejudice their defense in state court.  ECF No. 14.

15   Lastly, Defendants seek attorney fees as reimbursement for costs incurred in

16   defending against this declaratory action.  ECF No. 7 at 13.

17       Because Evanston concedes that five of the six coverage defenses warrant a

18   stay, *see* ECF No. 11 at 2, 17, this Court grants Defendants' motion in part and

19   orders that determination of the following coverage defenses be stayed pending

20   completion of the underlying state action:

(1)  No coverage by operation of the Multiple Insureds, Claims and
Claimants condition;
(2)  No coverage because "Damages" does not include any amounts in
return or restitution of fees or any multiplied or punitive damages;
(3)  No coverage for bodily injury or sickness;
(4)  No coverage for any person or entity that is not an "insured"
under the Policy;
(5)  No coverage for intentional misconduct.

ECF No. 1 at 3-4.  However, the Court will consider abstention from or stay of the

Specific Incidents Exclusion coverage defense.

## DISCUSSION

**A. Motion to Abstain**

The Declaratory Judgment Act ("DJA") states that "[i]n a case of actual

controversy within its jurisdiction . . . any court of the United States . . . may

declare the rights and other legal relations of any interested party seeking such

declaration, whether or not further relief is or could be sought."  28 U.S.C. §

2201(a).  The Act, which confers "unique and substantial discretion" to courts,

provides "an opportunity, rather than a duty," to provide equitable relief for

qualified parties.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-88 (1995).

Consistent with this grant of discretion and despite a long-standing

presumption against federal court abstention, *see Colo. River Water Conservation*

*Dist. v. United States*, 424 U.S. 800 (1976), a district court may opt not to exercise

discretion under the DJA and may abstain from or stay an action seeking a

ORDER RE: DEFENDANTS' MOTION TO DISMISS OR STAY ~ 5

declaratory judgment to avoid interference with pending state proceedings. *See Wilton*, 515 U.S. at 288; *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991) *abrogated on other grounds by Wilton*, 515 U.S. at 289-91.  The Ninth Circuit held that a district court ordinarily should not exercise discretion to grant declaratory relief where a parallel proceeding is active in state court, or more specifically, "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Chamberlain*, 931 F.2d at 1366-67 (quoting *Brillhart*, 316 U.S. at 495).

However, "the pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." *Gov. Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc) (citing *Chamberlain*, 931 F.2d at 1367). Thus, where the federal and state actions do not involve the same issues and parties, as here, the court must balance concerns of judicial administration, comity, and fairness to the litigants in determining whether to exercise jurisdiction over a declaratory judgment action. *Chamberlain*, 931 F.2d at 1367.  The *Brillhart* factors, as originally articulated in *Chamberlain, id.*, provide the "philosophic touchstone" for making this determination. *Dizol*, 133 F.3d at 1225.  Specifically, the court should:  (1) avoid needless determination of state law issues, (2) discourage litigants from filing declaratory actions as a means of forum shopping,

ORDER RE: DEFENDANTS' MOTION TO DISMISS OR STAY ~ 6

and (3) avoid duplicative litigation.  *Robsac*, 947 F.2d at 1371; *Dizol*, 133 F.3d at 1225.

Moreover, the *Brillhart* factors are non-exhaustive.  In *Dizol*, the Ninth Circuit identified other relevant factors, including:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems."

*Dizol*, 133 F.3d at 1225 n.5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994)).

### 1.  Avoiding Needless Determinations of State Law

Through the first *Brillhart* factor, the Ninth Circuit has directed district courts to avoid making needless determinations of state law.  *Dizol*, 133 F.3d at 1225.  In doing so, the Court has addressed concerns regarding federal court interference with state law and the challenges that federal courts face when determining complex state law issues.  *See Chamberlain*, 931 F.2d at 1367; *Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1016-18 (1995) *overruled on other grounds by Dizol*, 133 F.3d at 1227.

Similarly, the Ninth Circuit has recognized certain areas of law where federal courts have a reduced interest in exercising jurisdiction.  For one, the Ninth

1  Circuit has counseled that where "the sole basis of jurisdiction is diversity of

2  citizenship, the federal interest is at its nadir." *Robsac*, 947 F.2d at 1371.

3  Moreover, the Ninth Circuit has recognized that Congress largely has left

4  insurance law to the states. *Id.* "The states regulate insurance companies for the

5  protection of their residents, and state courts are best situated to identify and

6  enforce the public policies that form the foundation of such regulations." *Emp'r*

7  *Reinsurance Corp. v. Karussos*, 65 F.3d 796, 799 (9th Cir. 1995) (quoting *Allstate*

8  *Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir.1990)) *overruled on other grounds*

9  *by Dizol*, 133 F.3d at 1227.  Thus, "courts should generally decline to assert

10  jurisdiction in insurance coverage and other declaratory relief actions presenting

11  only issues of state law during the pendency of parallel proceedings in state court

12  unless there are circumstances present to warrant an exception to that rule."

13  *Hungerford*, 53. F.3d at 1019 (quoting *Robsac*, 947 F.2d at 1374) (internal

14  quotation marks omitted).

15      This rule of abstention, however, only applies when parallel proceedings

16  exist.  "There is no presumption in favor of abstention in declaratory actions

17  generally, nor in insurance coverage cases specifically."  Dizol, 133 F.3d at 1225.

18  Although the Ninth Circuit in *Hungerford* appeared to have adopted a presumption

19  against hearing insurance coverage cases generally under the DJA, the Ninth

20  Circuit later clarified and confined the *Hungerford* rule of abstention to cases in

ORDER RE: DEFENDANTS' MOTION TO DISMISS OR STAY ~ 8

which there are pending parallel proceedings in state court.  *Id.*[1]  Thus, an insurer

is not "barred from invoking diversity jurisdiction to bring a declaratory judgment

action against an insured on an issue of coverage."  *Dizol*, 133 F.3d at 1225

(quoting *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992))

(internal quotation marks omitted).

Parallel proceedings exist when a federal and state case both involve the

same parties and the same issues.  *Am. Cas. Co. of Reading, Pa. v. Krieger*, 181

F.3d 1113, 1118-19 (9th Cir. 1999).  In *Krieger*, the Ninth Circuit affirmed the

district court's exercise of jurisdiction over an insurance coverage suit for

declaratory relief because the concurrent state tort case did not involve coverage

issues as did the federal action, and because the federal action was not contingent

on any further state court proceedings.  *Krieger*, 181 F.3d at 1119.  Similarly, in a

more recent case that this Court finds persuasive, the U.S. District Court for the

District of Hawaii found that retaining jurisdiction was proper in an insurance

---

[1] *See also Allstate Ins. Co. v. Kaneshiro*, 152 F.3d 923, 1998 WL 382705, at *1

(9th Cir. 1998) (unpublished) (noting the Ninth Circuit's *Hungerford* line of cases

appeared to endorse a presumption of abstention in all insurance cases brought

pursuant to the DJA, and stating that *Dizol* "clarified" that there is in fact no such

presumption).

ORDER RE: DEFENDANTS' MOTION TO DISMISS OR STAY ~ 9

coverage case brought under the DJA where the concurrent state action did not involve the insurer's obligations to defend or indemnify the insured. *Allstate Ins. Co. v. Gomez*, No. 09-00150 SOM/BMK, 2009 WL 3018712, at *3 (D. Haw. 2009). Moreover, the insurer was not a party to the state proceeding, and likely could not be joined. *Id.* at *5.

Finally, the Hawaii district court noted that the first *Brillhart* factor guiding courts to avoid needless determinations of state law "concerns unsettled issues of state law, as opposed to fact-finding in the specific case." *Id.* at *4 (citing *Allstate v. Davis*, 430 F.Supp.2d 1112, 1120 (D. Haw. 2006)). The court recounted having interpreted insurance policies under Hawaii law on numerous occasions before, "using straightforward applications of contract principles." *Id.*

The *Hungerford* presumption of abstention does not apply in this case because the federal and state actions are not parallel proceedings. The state action does not involve the same parties as this case. Although Defendants are parties to the underlying state action, Evanston is not. Additionally, Evanston likely cannot join that action seeking to have its liability coverage dispute litigated without raising a conflict of interest, because Evanston currently represents the Defendants in that case. Moreover, the legal issues present in this declaratory action are not the same as those in the state action. Here, the legal issues concern coverage

liability and obligation to defend; in state court, the legal issues concern tort liability.

Even so, Defendants urge this Court to find that presiding over this declaratory action will result in "needless determinations of state law."  ECF No. 7 at 3-5.  Defendants cite *Hungerford*, *Karussos*, and *Golden Eagle Insurance Co. v. Traveler's Co.*, 103 F.3d 750 (9th Cir. 1996) *overruled on other grounds by Dizol*, 133 F.3d at 1227, for the contention that district courts should abstain from federal declaratory actions where pending state court proceedings "arise from the same factual circumstances."  ECF No. 7 at 4.  Yet *Dizol* clarified that abstention is not warranted unless the state and federal proceedings are parallel.  *Dizol*, 133 F.3d at 1225.

Defendants argue further that because this case involves insurance law and jurisdiction is founded on diversity, this Court's retaining jurisdiction will result in needless determinations of state insurance law.  ECF No. 7 at 5.  Yet *Dizol* confirmed that insurers may bring declaratory actions under diversity to determine issues of coverage and duty to defend.  *Dizol*, 133 F.3d at 1225.  There is no rule requiring abstention from all insurance cases brought under diversity.

Finally, this Court is persuaded by the Hawaii district court's reasoning that the first *Brillhart* factor concerns "unsettled issues of state law."  *Gomez*, 2009 WL 3018712, at *4.  Should it become apparent that this case will involve novel issues

of Washington state law, Defendants may renew their motion for this Court to

abstain.  Until that time, the Court finds that the first *Brillhart* factor weighs

against abstention.

### 2.  Discouraging Forum Shopping

The second *Brillart* factor addresses the use of the declaratory judgment

procedure as a means to forum shop.  *Dizol*, 133 F.3d at 1225.  *See also Robsac*,

947 F.2d at 1371; *Chamberlain*, 931 F.2d at 1367.  The Ninth Circuit has

discouraged allowing an insurer to file "a federal court declaratory action to see if

it might fare better in federal court at the same time the insurer is engaged in a state

court action."  *Krieger*, 181 F.3d at 1119.  Such litigation is often termed

"reactive."  *Robsac*, 947 F.2d at 1372.  The court has stated that retaining

jurisdiction over a declaratory judgment suit despite a concurrent state proceeding

addressing "the identical issue" can encourage forum shopping.  *Id.* at 1372-73.

However, where the federal litigant is not a party in the concurrent state action and

cannot be joined in that action, filing suit in federal court is not "forum shopping."

*See Gomez*, 2009 WL 3018712, at *5.

Evanston is not engaging in conspicuous and inappropriate forum shopping.

The legal issues present in this declaratory action are not the same issues as those

in the state action, and Defendants have provided no evidence that those issues are

likely to be heard at the state level in the future.  Additionally, Evanston is not a

party to the state action and likely cannot become one.  Rather than "reacting" to

the state court action, Evanston has instituted a new proceeding on a new issue in a

new court.

Defendants contend that this suit is reactive because Evanston filed this

action "shortly after it accepted [Defendants'] tender of the underlying claim."

ECF No. 7 at 6.  Yet that assertion does not accurately define "reactive litigation."

To the contrary, the Ninth Circuit has defined "reactive litigation" as "a declaratory

judgment action by an insurance company against its insured during the pendency

of a non-removable state court action presenting the same issues of state law."

*Robsac*, 947 F.2d at 1372.   The Court concludes that merely filing a lawsuit

shortly after the institution of related proceedings in another court does not

constitute impermissible "reactive litigation."

Additionally, Defendants accuse Evanston of having "perceived some

tactical advantage from litigating in a federal forum."  ECF No. 7 at 6 (quoting

*Robsac*, 947 F.2d at 1371) (internal quotation marks omitted).  Evanston could

have filed this action in state court: Washington state law provides an avenue by

which Evanston could obtain a declaratory judgment of non-coverage.  *See* Wash.

Rev. Code § 7.24.020 (2014).  But there is no requirement that litigants file in state

court when state law provides a remedy for their claims.  Diversity jurisdiction

exists to provide federal court access to litigants who meet the requirements.  As

ORDER RE: DEFENDANTS' MOTION TO DISMISS OR STAY ~ 13

the *Dizol* court noted, "[w]e know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." *Dizol*, 133 F.3d at 1225 (citation omitted) (internal quotation marks omitted).

The Court finds that the second *Brillhart* factor supports retaining jurisdiction in this case.

### 3. Avoiding Duplicative Litigation

The third factor concerns avoiding duplicative litigation. *Dizol*, 133 F.3d at 1225. *See also Robsac*, 947 F.2d at 1373; *Chamberlain*, 931 F.2d at 1367. The relevant inquiry is whether the issues in this case are, or could be, addressed in the state proceedings. *See Robsac*, 947 F.2d at 1373.

There is no evidence that any legal or factual issue this Court may decide will duplicate an issue decided in state court. The only issue active before the Court is whether the Specific Incidents Exclusion applies to exclude coverage. The language of that provision is quite broad:

> In consideration of the premium paid, it is hereby understood and agreed that this policy shall not apply to any Claim made against any Insured based upon, arising out of, or in any way involving any Wrongful Act or Personal Injury, any fact, circumstance, situation, incident, claim or suit referred to in an answer to any question of the application . . . .

ECF No. 11 at 3.

ORDER RE: DEFENDANTS' MOTION TO DISMISS OR STAY ~ 14

Evanston argues that the exclusion prevents coverage of any claim made against Defendants that "in any way involv[es]" any other claim Defendants previously disclosed in the application.  ECF No. 11 at 4, 7.  If that interpretation of the provision is correct, then Evanston must prove that (1) Defendants disclosed a previous claim in their insurance application, and (2) that previous claim in any way involves the current claim pending in state court.  Evanston may be able to meet this burden without presenting any evidence that duplicates evidence presented in state court, and without requiring this court to determine factual issues also at issue in the state court proceeding.  Under the circumstances presented here, the pending state action is not sufficiently duplicative to justify abstention of this action under the third *Brillhart* factor.

**4. Additional Factors**

The *Dizol* court identified other relevant factors that support retaining jurisdiction in this case.  *Dizol*, 133 F.3d at 1225 n. 5 (citation omitted).  First, although the state proceeding must continue regardless of this Court's determination in the present case, this declaratory action will clarify whether Evanston has a legal obligation to defend or indemnify Defendants in the state action.  Second, there is no evidence that Evanston filed this case merely for the purposes of procedural fencing or to obtain a "res judicata" advantage.  Third, because the legal issues in the federal proceeding are different from those in state

1   court and should not result in duplicative litigation or determinations, retaining

2   jurisdiction should not result in excessive entanglement with state proceedings or

3   law.

4       Defendants argue that adjudication of this declaratory action is unfair

5   because it forces Defendants to "fight a two-front war": one as defendants in the

6   state tort suit, and one as defendants in this federal declaratory judgment action.

7   ECF No. 7 at 8.  While it may be inconvenient for Defendants to litigate in two

8   separate courts simultaneously, it would be equally inconvenient for Evanston to

9   defend Defendants against state court claims that this Court later may determine

10  are not covered by the policy.

11

12

13

14

15

16

17

18

19

20

ORDER RE: DEFENDANTS' MOTION TO DISMISS OR STAY ~ 16

Retaining jurisdiction under the DJA is discretionary.  *See* 28 U.S.C. § 2201(a).  The Court concludes that it need not abstain from this declaratory action.[2]

**B. Motion to Stay**

Defendants ask this Court in the alternative to stay the current declaratory action pending the completion of the concurrent state action.  ECF No. 7 at 8.

A district court has discretion to stay its proceedings, "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort . . . ."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  In determining whether to stay a proceeding, the court must "weigh competing interests and maintain an even balance."  *Id.* at 254-55.  The court should consider (1) the possible damage that granting a stay may cause, (2)

---

[2] Evanston also argues that Defendants' filing with the Washington Insurance Commissioner pursuant to the Insurance Fair Conduct Act ("IFCA"), Wash. Rev. Code Ann. § 48.30.015 (West 2014), evidences Defendant's intent to file a counterclaim against Evanston in the future.  ECF 11 at 4-5.  Evanston implies that the perceived intent of a counterclaim justifies this Court's retention of this case.  As Defendants have not yet filed any counterclaims, this Court does not address this argument.

ORDER RE: DEFENDANTS' MOTION TO DISMISS OR STAY ~ 17

1   the hardship or inequity a party may suffer if the stay is denied, and (3) the orderly

2   course of justice, which the court measures by considering whether granting or

3   denying a stay will simplify or complicate the issues, proof, and questions of law

4   in the case. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (1962).

5         Evanston argues that this Court should not stay consideration of the Specific

6   Incidents Exclusion coverage defense. ECF No. 11 at 17-18. Thus, this Court

7   must weigh the competing interests of the parties in determining whether to stay

8   this defense. *Landis,* 299 U.S. at 254; *CMAX*, 300 F.2d at 268. The possible

9   damage that may result from granting the stay is immediately apparent: Evanston

10   must continue to represent Defendants in the state tort action, and must incur any

11   related expenses in doing so. Conversely, if this Court denies Defendants' motion

12   for a stay and ultimately determines the Specific Incidents Exclusion does apply to

13   deny coverage, Evanston will no longer be under an obligation to represent

14   Defendants, and Defendants will be forced to cover the expense of their own

15   defense. Therefore, the first two factors balance each other.

16         Defendants also argue that considering Evanston's declaratory action at this

17   time will prejudice their state court defense. ECF No. 7 at 11-12. Defendants

18   contend this prejudice will manifest in three ways: (1) Evanston's assertion that

19   the current state action is related to a prior tort suit they disclosed in their insurance

20   application is, in effect, an allegation that Defendants engaged in an "ongoing

conspiratorial scheme against numerous individual plaintiffs;" (2) if Defendants argue in this Court that the current state suit is not related to that prior suit in order to defeat the declaratory judgment action, they may not argue in state court that the two suits are related to bar the current state suit on statute of limitations grounds; and (3) any determination by this Court regarding what Defendants knew about the alleged fraudulent conduct could "bolster" the state court plaintiffs' claims that Defendants are jointly and severally liable for plaintiffs' damages. ECF No. 7 at 11-12. Evanston responds that the facts necessary to determine whether the Specific Incidents Exclusion applies to exclude coverage are "not in dispute," that determination of this coverage defense "requires no discovery," and therefore that this Court can determine whether to grant declaratory relief "as a matter of law." ECF No. 11. at 18.

Whether or not application of the Specific Incidents Exclusion can be determined without discovery, there is no evidence at this time that allowing the declaratory action to proceed will prejudice Defendants' state court defense. This Court does not anticipate any need to make any factual or legal determinations that will affect any part of the current state proceedings.

Moreover, Defendants argue that Evanston may not pursue the Specific Incidents Exclusion defense at this time because it presents a conflict of interest and thus constitutes bad faith on their part, ECF No. 14 at 5, citing *Mutual of*

ORDER RE: DEFENDANTS' MOTION TO DISMISS OR STAY ~ 19

*Enumclaw Insurance Co. v. Dan Paulson Construction, Inc.*, 161 Wn.2d 903 (2007).  However, *Dan Paulson* is distinguishable from the present case.

In *Dan Paulson*, the insured filed a counterclaim alleging bad faith by the insurer for taking certain actions in seeking a declaration of non-coverage simultaneous with representing the insured in a separate proceeding.  *Id*. at 911-12. The court discussed the insurer's actions within the context of a motion for summary judgment on the counterclaim, not within the context of a motion to stay an action for declaratory relief.  *Id.  Dan Paulson* provides no authority for staying a declaratory judgment action based on an insurer's bad faith claim prior to the filing of a counterclaim and a summary judgment motion.

*Dan Paulson* does state that "[w]hile defending under a reservation of rights, an insurer acts in bad faith if it pursues a declaratory judgment that it has no duty to defend and that action might prejudice its insured's tort defense."  *Id.* at 918 (citation omitted) (internal quotation marks omitted).  In this instance, there is no evidence that consideration of Evanston's claim will prejudice Defendants' underlying defense.

Finally, this Court considers whether the orderly course of justice, as measured by whether granting or denying a stay will simplify or complicate the issues, proof, and questions of law in the case, requires this Court to stay Evanston's action for declaratory relief.  *See CMAX*, 300 F.2d at 268.  Although

the state court proceeding could nullify the need for declaratory judgment in this case (for instance, if the state court were to find Defendants not liable), such simplification of the issues would come at the expense of requiring Evanston to represent Defendants in that action without any determination regarding its obligation to do so.  Conversely, permitting the declaratory judgment action to proceed will enable a resolution of the questions regarding Evanston's obligations to Defendants and simplify the issues of coverage.

## CONCLUSION

The Court finds no reason at this time to abstain from, or stay consideration of, Evanston's coverage defense regarding the Specific Incidents Exclusion provision of the policy.  Pursuant to the agreement of the parties, the Court will stay the remaining five coverage defenses Evanston cited in its Complaint.  ECF No. 1 at 3-4.  Because the Court is not dismissing or abstaining from this action, the Court need not address Defendants' request for attorney fees at this time.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Workland & Witherspoon, PLLC's Motion to Dismiss or Alternatively Stay Declaratory Action, **ECF No. 7,** is **GRANTED IN PART AND DENIED IN PART, consistent with this order.**

**IT IS SO ORDERED.**  The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

ORDER RE: DEFENDANTS' MOTION TO DISMISS OR STAY ~ 21

**DATED** this 22nd day of September 2014.


_____s/ Rosanna Malouf Peterson_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge